IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| INCREDIBLE PIZZA FRANCHISE GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 12-3134-CV-S-GAF |
| KJM PROPERTIES & INVESTMENTS LLC, and JODY SHELENHAMER, | ) ) ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER**

Presently before the Court is Plaintiff Incredible Pizza Franchise Group, LLC's ("IPC") Motion for Temporary Restraining Order. (Docs. ## 1, 14). The Court having carefully reviewed the parties' filings, having conducted an evidentiary hearing with all parties and their counsel being provided an opportunity to be heard, and being otherwise advised of the law and facts finds the following:

(1) IPC is the franchisor of 1950s themed family entertainment centers ("FECs").

(2) Defendants KJM Properties & Investments LLC and Jody Shelenhamer (collectively "Defendants") entered into two (2) franchise agreements with IPC for the operation of FECs in St. Louis, Missouri, and St. Peters, Missouri.

(3) After entering into each of the franchise agreements, Defendants commenced operations of the FECs. Defendants have operated under each of the franchise agreements for at least three (3) years. The St. Louis FEC opened on May 10, 2007, and the St. Peters FEC opened on November 4, 2008.

(4) Both franchise agreements, if valid and enforceable, provide that Defendants shall pay royalty fees and advertising contributions on a monthly basis.

(5) Both franchise agreements, if valid and enforceable, grant IPC an option to acquire the assets of the FEC in the event the agreement is terminated, exercisable within thirty (30) days of the termination, in § 16.6.

(6) Section 16.7 of each franchise agreement also grants IPC an option to acquire the premises upon which the FEC was operated upon termination.

(7) Each franchise agreement also contains a non-competition provision, which provides that for a period of two (2) years after the effective date of termination, or the date on which Defendants stop operating the FEC, whichever is later, Defendants would not maintain an interest in any business that "offers and sells pizza in conjunction with video or redemption games, rides or attractions, located or operating at or within a radius of 7 miles of [their former IPC FEC location] or within 7 miles of any other Incredible Pizza Company Family Entertainment Center."

(8) Defendants did not pay the royalty fees or the advertising contributions for Period 11, 2011, and have not since that time paid any royalty fees or advertising contributions to IPC.

(9) Following multiple notices of default, on February 10, 2012, IPC provided Defendants with notice of termination for cause that, pursuant to Missouri Revised Statute § 407.405, would be effective ninety (90) days from the date of the notice.

(10) On March 2, 2012, IPC provided Defendants with notice that IPC was exercising its option to purchase the assets of the St. Louis FEC pursuant to § 16.6 of the St. Louis

agreement and that IPC was exercising its option to assume the lease of the St. Louis FEC pursuant to § 16.7 of the St. Louis agreement. IPC alleges that its notice was timely. IPC did not exercise any option rights with respect to the St. Peters FEC.

(11)     On the weekend of March 3, 2012, Defendants began operating both FECs under the name "Hammers Food and Fun."

(12)     On March 5, 2012, Defendants advised IPC they would not honor the option rights contained in the franchise agreements.

(13)     IPC alleges Defendants have not made any alterations to the trade dress of the FECs other than removal of the IPC name and logos and removal of IPC's 1950s cartoon characters.

(14)     IPC alleges Defendants have continued to operate an identical business in the two (2) FECs as the business they conducted while acting as IPC franchisees, including the sale of pizza in conjunction with video or redemption games, rides, or attractions. Defendants testified they made operational changes including the addition of food items on the buffets.

(15)     IPC alleged it is suffering and will continue to suffer irreparable harm unless the Court enters a temporary restraining order and preliminary and permanent injunctive relief.

(16)     Defendants oppose the relief sought by IPC for the reasons set forth in its filings to date.

(17) Based on the evidence before the Court, the Court finds entry of a temporary restraining order is necessary to preserve the status quo pending a resolution of these claims on the merits.

(18) The Court concludes IPC has demonstrated the probability it will succeed on the merits and may suffer irreparable harm based on the intermingling of Defendants' "Hammers" trade name with IPC's trademarks and trade dress and Defendants' violation of the non-competition provision. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1987).

(19) The Court further concludes the threat of irreparable harm to IPC absent the relief sought outweighs any harm to Defendants in the event the relief is granted. Additionally, it is in the public interest to grant the relief sought. *See Dataphase*, 640 F.2d at 114.

Accordingly, it is

**ORDERED** IPC's request for a temporary restraining order is GRANTED.

**IT IS FURTHER ORDERED**:

(1) IPC shall post a cash bond with the clerk of court in the amount of $5,000, and this Order shall be effective upon the posting of such bond.

(2) This Order is binding on Defendants, their agents, members, servants and employees, and those people in active concert or participation with them.

(3) Defendants shall operate the St. Louis FEC as an IPC FEC in accordance with the terms of the St. Louis agreement. Defendants shall operate the St. Louis FEC using the IPC marks as the sole trade identification of the FEC and shall not use any mark,

4

trade name, words, terms, designs, or symbols other than the IPC marks licensed under the franchise agreements. Defendants shall restore all IPC marks and trade dress removed from the St. Louis FEC since March 2, 2012. Defendants shall not sell, transfer, encumber, alter, or otherwise dispose of the leasehold or assets of the St. Louis FEC, other than to IPC, without further order from the Court.

(4) Defendants shall immediately begin the re-identification process at the St. Louis FEC. At the St. Louis FEC, Defendants shall cease using the Hammers Food and Fun trade name; remove all Hammers Food and Fun signage and marketing materials; cease using the Hammers Food and Fun uniforms and direct employees wear the IPC uniforms or, if IPC uniforms are unavailable, plain clothing; and remove all information concerning the St. Louis FEC from the Hammers Food and Fun webpage, www.hammersfoodandfun.com, and from any other Hammers Food and Fun marketing materials.

(5) Defendants have up to and including twenty-one (21) days from the date of this Order to completely re-identify the St. Louis FEC, including using only IPC products, re-installing IPC signage, and acquiring additional IPC items.

(6) Defendants shall de-identify the St. Peters FEC.

(7) Regarding the St. Peters FEC, Defendants shall immediately:

a. cease using the IPC name or logo;

b. remove all signage or other items with the IPC mark or logo;

c. remove all signage or other items using the word "incredible;"

d. remove the "Incredible Wheel of Fun;"

  e. remove the IPC name and logos from the go-karts;

  f. remove the IPC racing sign/mural;

  g. remove the 1957 Chevrolet;

  h. stop selling pizza in conjunction with video or redemption games, rides, or attractions;

  i. cease using the telephone numbers, email addresses, and fax numbers that were used when the location was an IPC FEC;

  j. assign those telephone numbers, email addresses, and fax numbers to IPC;

  k. cease issuing any game cards with IPC marks, including printing on the back;

  l. remove all proprietary food products; and

  m. remove all proprietary marketing materials, including the Hammers marketing flyers advertising the same birthday packages and daily deals used while an IPC FEC.

(8)  Regarding the St. Peters FEC, Defendants have up to and including fourteen (14) days from the date of this Order to:

  a. remove the chrome band over the entrance;

  b. remove the channel letters from the front of the building, including the signs stating Go-Karts, Mini-Golf, Bowling, and Buffet; and

  c. remove the oval film from the entry doors.

(9)  Regarding the St. Peters FEC, Defendants have up to and including twenty (20) days from the date of this Order to:

  a. paint the exterior, and

Case 6:12-cv-03134-GAF   Document 25   Filed 03/27/12   Page 6 of 8

       b. remove the yellow towers.

(10) Regarding the St. Peters FEC, Defendants have up to and including thirty (30) days from the date of this Order to:

       a. repaint the entrance, dining rooms and party rooms, and buffet area;

       b. remove decor, paintings, artwork, and signage that reflect IPC trade dress from the Gymnasium, Drive-In Theatre, Family Room, and 50s Diner;

       c. remove or repaint over the murals that reflect IPC trade dress in the entrance and dining rooms;

       d. remove or paint over all remaining murals that reflect IPC trade dress;

       e. remove all other signage and decor created by or purchased from Eddie Harrison, Multi-Designs, or Springfield Sign and Neon; and

       f. remove the neon signs above the buffet and repaint the red above the buffet.

(11) Regarding the St. Peters FEC, Defendants have up to and including sixty (60) days from the date of this Order to remove the red Formica laminate, chrome, and Corian from all buffets, counters, and food bars.

(12) Pursuant to 15 U.S.C. § 1118 all labels, signs, signage, prints, packages, receptacles, logo items, and advertisements in the possession of Defendants, their agents, servants, and employees, and those people in active concert or participation with them, and not located in the St. Louis FEC, bearing any of the IPC marks, shall be delivered to IPC at Defendants' cost.

7

(13) This Order shall remain in full force and effect until such time as this Court enters an order following a hearing on IPC's Motion for Preliminary Injunction.[1]

(14) The Court shall conduct a hearing on IPC's Motion for Preliminary Injunction at 9:00 a.m. CST on Thursday, April 19, 2012, at 222 North John Q. Hammons Parkway, Springfield, Missouri 65806, in Courtroom 2.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: March 27, 2012

---

[1] Because Defendants received notice and opportunity to be heard, this Temporary Restraining Order is not subject to the fourteen (14) days hearing requirement under Federal Rule of Civil Procedure 65(b).